■ ANNA WERDEIN, Appellant, v LARRY JOHNSON et al., Respondents. [633 NYS2d 908] —Order insofar as appealed from unanimously reversed on the law with costs, motions denied and complaint reinstated. Memorandum: Plaintiff sold her house to defendants Larry and Cheryl Johnson. At the time of

the sale, Larry Johnson was employed by the Erie County Department of Social Services and was the caseworker for plaintiff with respect to her Medicaid benefits. The sale of the house rendered plaintiff ineligible for Supplemental Security Income (SSI) benefits because the proceeds she received from the sale were considered a resource. Plaintiff commenced this action alleging that Larry Johnson was under a fiduciary duty to "provide [her] with accurate, clear and detailed information regarding her eligibility" for SSI and Medicaid benefits. She seeks to set aside the conveyance on the ground of constructive fraud and seeks damages in the amount of $57,426, the amount she would have received from SSI plus the amount she has expended on alternative housing since the sale of the house. Cheryl Johnson was named as a defendant pursuant to CPLR 1001 (a) as joint owner of the house. Her potential liability is strictly derivative.

Larry Johnson moved and Cheryl Johnson "cross-moved" to dismiss the complaint for failure to state a cause of action. In support of Larry Johnson's motion, counsel averred that plaintiff had hired a realtor and listed the property "in a magazine" and that Larry Johnson had learned of the availability of the property through the magazine. In opposition to that motion, plaintiff submitted an affidavit averring that Larry Johnson "learned of the house being for sale by virtue of his contact with [her] as [her] caseworker, and not through a magazine or a real estate broker." Supreme Court apparently gave notice to the parties that it was treating the motion to dismiss as a motion for summary judgment and dismissed the complaint. The court also granted plaintiff leave to plead a cause of action for actual fraud; there is no appeal from that part of the order.

The court erred in granting the motion and cross motion. None of the grounds raised in the motions has merit. Further, there is no evidence in admissible form that supports summary judgment in favor of defendants (see, Matter of Morrison v City of Buffalo Bd. of Educ., 199 AD2d 1074, 1075). An affirmation by an attorney without personal knowledge of essential facts is insufficient to support the award of summary judgment (see, Caramanica v State Farm Fire & Cas. Co., 110 AD2d 869). The conclusory allegations of counsel cannot, as a matter of law, support the award of summary judgment to defendants. Furthermore, the evidence submitted with counsel's affirmation does not support defendants' entitlement to summary judgment (cf., Olan v Farrell Lines, 64 NY2d 1092). In any event, plaintiff's affidavit in opposition to the motions raises a ques-

tion of fact whether, under the circumstances of this case, the doctrine of constructive fraud applies to the social worker-client relationship *(see, Hector M. v Commissioner of Social Servs. of City of N. Y.,* 102 Misc 2d 676, 683).

We note that the materials appended to Larry Johnson's brief are not part of the record and therefore are not considered on appeal. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.