■ DANIEL J. ROTOLI et al., Respondents, v DOMTAR, INC., et al., Appellants, et al., Defendants. [637 NYS2d 894] —Order unanimously reversed on the law with costs, motion denied and fifth affirmative defense reinstated. Memorandum: Domtar, Inc., and Domtar Forest Products (defendants) appeal from an order of Supreme Court that granted plaintiffs' motion to strike defendants' fifth affirmative defense, alleging lack of personal jurisdiction. On appeal, defendants argue that they are not amenable to suit in New York because they are not "doing business" in New York either directly or through their New York subsidiary.

Plaintiff husband was injured in Pennsylvania when, while inspecting "bundles of Domtar lumber" loaded on a trailer, he tripped on a board and fell from the trailer to the pavement. The complaint attributes the injury in part to the alleged negligence of defendants, the manufacturers/exporters of the lumber, in bundling the lumber for shipment.

The record shows that defendant Domtar, Inc., is a Canadian corporation with no established presence in New York. Domtar, Inc., does not own real property, maintain any offices or employees, or advertise or solicit business in New York. Defendant Domtar Forest Products is a division of Domtar, Inc., with no independent corporate existence. Domtar, Inc., has a wholly-owned subsidiary, Domtar Industries, Inc., that is incorporated in Delaware and headquartered in Illinois. The record does not show that Domtar Industries, Inc., is present in New York. Domtar Industries, Inc., in turn owns a subsidiary, Domtar

Fiber Pots, Inc., which is headquartered and operates a sizeable facility in New York. In successfully moving to strike the affirmative defense, plaintiff relied on the sub-subsidiary's presence in New York and the fact that Domtar, Inc., and Domtar Fiber Pots, Inc., share the same individual as President-CEO, that Domtar, Inc., engages in some of the same lines of business as the subsidiaries, that Domtar, Inc., manufactures products for export throughout the United States, and that Domtar, Inc. derives up to 5% of its gross income from sales in New York.

In limited circumstances, the assertion of jurisdiction over a foreign parent corporation may be based on a subsidiary's presence in New York *(see generally, Delagi v Volkswagenwerk AG.,* 29 NY2d 426, 432, *rearg denied* 30 NY2d 694; *Public Adm'r of County of N. Y. v Royal Bank,* 19 NY2d 127, 130-132; *Taca Intl. Airlines v Rolls-Royce of England,* 15 NY2d 97). Nevertheless, we are aware of no case that determines that a parent is "doing business" in New York based on the activities of a sub-subsidiary. In any event, a "finding of agency for jurisdictional purposes will not be inferred from the mere existence of a parent-subsidiary relationship" *(Porter v LSB Indus.,* 192 AD2d 205, 213, citing *Frummer v Hilton Hotels Intl.,* 19 NY2d 533, 538, *rearg denied* 20 NY2d 758, *cert denied* 389 US 923). "In order for the subsidiary's activities to warrant the exercise of jurisdiction over the parent, the parent's control over the subsidiary's activities 'must be so complete that the subsidiary is, in fact, merely a department of the parent' " *(Porter v LSB Indus., supra,* at 213, quoting *Delagi v Volkswagenwerk AG., supra,* at 432).

There is no basis on this record to conclude as a matter of law that the New York sub-subsidiary is a "mere department" of the Canadian defendants. There is no evidence that the business of the second tier subsidiary is controlled by the parent. Ownership, by itself, does not establish agency. Moreover, the fact that directors and officers of the two entities overlap to an extent is intrinsic to the parent-subsidiary relationship and, by itself, not determinative *(see, Porter v LSB Indus., supra,* at 213-214, citing *Volkswagenwerk AG. v Beech Aircraft Corp.,* 751 F2d 117, 120 [2d Cir] [applying New York law]). Additionally, plaintiffs erroneously rely on the assertion that the parent derives up to 5% of its income from sales in New York. The record does not reveal whether such sales are direct or indirect, and the "mere [indirect] sales of a manufacturer's product in New York, however substantial, have never made the foreign corporation manufacturer amenable to suit in this

jurisdiction" *(Delagi v Volkswagenwerk AG., supra,* at 433; *see, Asahi Metal Indus. Co. v Superior Ct.,* 480 US 102, 112).

Although we conclude that the court erred in striking the affirmative defense of lack of personal jurisdiction, we reject defendants' contention that the action should be dismissed. Although plaintiffs have not established that defendants are present in New York through their subsidiaries, neither have defendants conclusively established that they are not present. We thus reverse the order appealed from to reinstate the affirmative defense. It remains for plaintiffs to renew their motion to strike, or for defendants to move to dismiss the action, upon a more developed record. A traverse hearing may be necessary to resolve the jurisdictional issue. (Appeal from Order of Supreme Court, Orleans County, Notaro, J.—Personal Jurisdiction.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.