■ LINDA SUTTON, Respondent, v SANDRINO CAROLEI, Respondent, and J&N SERVICE STATION, Appellant, et al., Defendant. [665 NYS2d 259] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about June 7, 1996, which denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

In this action arising from injuries plaintiff sustained when her car became disabled on a highway and was struck from behind, issues of fact exist that preclude the granting of summary judgment in favor of defendant-appellant J&N Service Station. Such issues include whether negligent repairs to plaintiff's vehicle caused the breakdown so as to create the hazard of a collision with another vehicle, and, if so, whether such negligence was a proximate cause of plaintiff's injuries (*see, Betancourt v Manhattan Ford Lincoln Mercury*, 195 AD2d 246, *appeal dismissed* 84 NY2d 932; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308). Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ.

■ CARIBBEAN CONSTRUCTION SERVICES & ASSOCIATES, INC., Appellant, v ZURICH INSURANCE COMPANY, Respondent. [665 NYS2d 266] —Order, Supreme Court, New York County (Walter Schackman, J.), entered August 8, 1996, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

There is an issue of fact as to whether defendant issued the lien discharge bond, and thus whether it can be held liable on it. The issue of inconvenient forum should not be addressed until it has first been decided that jurisdiction exists (*cf., Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 579). Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ.