■ IRENE FESZCZYSZYN, Individually and as Administratrix of the Estate of JAROSLAW FESZCZYSZYN, Deceased, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. [669 NYS2d 1010] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memo-

randum: Supreme Court properly denied that part of the cross motion of plaintiff to serve an amended summons and complaint adding Isuzu Motors, Ltd. (Isuzu Ltd.), as a defendant. Where, as here, the Statute of Limitations has expired, "CPLR 203 (b) sets forth a 'relation back' rule which essentially provides that where there are several defendants and they are 'united in interest', commencing an action against one within the applicable statutory period will preserve the action against the others" (*Buran v Coupal*, 213 AD2d 863, 865, *affd* 87 NY2d 173, citing Siegel, NY Prac § 45, at 55 [2d ed]). Isuzu Ltd., however, is not "united in interest" with defendant Isuzu Motors America, Inc., sued herein as Isuzu Motor America Inc. (Isuzu America) (CPLR 203 [b]). The mere existence of a parent-subsidiary corporate relationship is insufficient to establish a unity of interest between the two corporations (*see, Derso v Volkswagen of Am.*, 159 AD2d 937, 938-939). In actions such as this, related corporations are united in interest only where one corporation is vicariously liable for the acts of the other (*see, Santiamagro v County of Orange*, 226 AD2d 359, 360; *Derso v Volkswagen of Am., supra*, at 939; *Raschel v Rish*, 120 AD2d 945, *affd* 69 NY2d 694). In order for vicarious liability to exist, "[t]he parent corporation must exercise complete dominion and control [over] the subsidiary's daily operations" (14 NY Jur 2d, Business Relationships, § 41, at 119; *see, Allen v Oberdorfer Foundries*, 192 AD2d 1077). Plaintiff has failed to show that Isuzu Ltd. exercises complete dominion and control over Isuzu America's daily operations (*see, Balderman v Capital City/Am. Broadcasting Co.*, 233 AD2d 861, 862). The proof submitted by Isuzu America shows that the same directors do not serve on both boards and that Isuzu America is substantially responsible for its own day-to-day operations and the hiring and termination of most of its employees.

The court also properly denied that part of the cross motion of plaintiff to amend the summons and complaint to substitute Isuzu Ltd. for Isuzu America as a defendant. "[L]eave to amend pursuant to CPLR 305 (c) should be granted where '(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought'" (*Ingenito v Grumman Corp.*, 192 AD2d 509, 511, quoting *Ober v Rye Town Hilton*, 159 AD2d 16, 20; *see, Pugliese v Paneorama Italian Bakery Corp.*, 243 AD2d 548). To succeed on her cross motion, plaintiff was required to show that service of process had been made upon Isuzu Ltd. and that she thereby obtained jurisdiction over it (*see, Lamarr v Klein*, 35 AD2d 248,

250, *affd* 30 NY2d 757). The contention of plaintiff that she obtained jurisdiction over Isuzu Ltd. by serving Isuzu America is without merit. There is no evidence that Isuzu America is a designated agent for service of process upon Isuzu Ltd. Plaintiff further failed to show that Isuzu America is an "involuntary" agent in the absence of "such complete control by the parent over the subsidiary that it negates the conclusion that the subsidiary is operated as a separate and independent entity" (*Brandt v Volkswagen AG.*, 161 AD2d 1149, 1150; *see, Pappas & Marshall v Ross Logistics,* 222 AD2d 424, 425).

The court erred, however, in granting the motion of Isuzu America for summary judgment dismissing the complaint against it. Isuzu America failed to make a prima facie showing of entitlement to summary judgment by tendering evidentiary proof in admissible form demonstrating the absence of any material issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In its answer to the amended complaint, Isuzu America "admit[s it] is in the business of manufacturing and selling automobiles." Although the affidavit of plaintiff's expert establishes that the Geo Spectrum operated by plaintiff's decedent is not manufactured by Isuzu America, there is no competent evidence that it is not distributed by Isuzu America. The only evidence submitted by Isuzu America to establish that it does not distribute the vehicle consists of the conclusory affidavits of its trial counsel and its senior manager of legal affairs denying that Isuzu America is responsible for the distribution or importation of the vehicle. Neither attorney states the basis for that assertion. "An affirmation by an attorney without personal knowledge of essential facts is insufficient to support the award of summary judgment" (*Werdein v Johnson,* 221 AD2d 899, 900). Further, Isuzu America's senior manager of legal affairs admits in another affidavit that Isuzu America "has imported to the United States vehicles manufactured by [Isuzu Ltd.] in Japan", and Isuzu America has not denied the assertion of plaintiff's attorney in his affirmation that Isuzu America "is exclusively in the business of funneling [Isuzu Ltd.'s products] into the American market * * * [and] is the U.S. conduit through which [Isuzu Ltd.] operates".

We therefore modify the order by denying the motion of Isuzu America and reinstating the complaint against it. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.