■ PERRY M. AMSELLEM et al., Respondents, v HOST MARRIOTT CORPORATION et al., Appellants, et al., Defendant. [721 NYS2d 318] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 3, 1999, which denied defendants' motion to dismiss the complaint, with leave to renew to conduct certain discovery, and transferred the matter to the Civil Court, pursuant to CPLR 325 (d), unanimously affirmed, without costs.

This is a personal injury action in which plaintiffs Perry M. Amsellem and Cynthia Smith seek recovery for injuries allegedly sustained as the result of drinking contaminated water while guests at the Marriott Castle Harbour Hotel (Castle Harbour), which is located in Tucker's Town, Bermuda. The building and land comprising Castle Harbour are owned by non-party Bermuda Properties Ltd., while the 402-room hotel is operated by defendant Marriott International Services, Ltd. (MLTD). There is no dispute that MLTD is a wholly owned subsidiary of defendant Marriott International, Inc. (Marriott).

Castle Harbour's water tanks and filtration systems are monitored by the Bermuda Ministry of Health (the Ministry) pursuant to Bermuda law. On February 13, 1998, the Ministry was summoned to Castle Harbour after a large number of guests reported nausea, vomiting and diarrhea. Ministry officials subsequently advised MLTD personnel that there was nothing unusual in the stool and water samples that they had analyzed and that the outbreak was, they believed, the result of an airborne virus.

Plaintiffs maintain that on February 14, 1998, Smith became ill and that on the following day, Amsellem also became ill, but that the hotel staff claimed they were unaware of the cause of the problems. Plaintiffs contend that, as a result, they continued to drink and bathe in the hotel-supplied water which was later determined to contain unsafe levels of E-coli bacteria.

Defendants claim that in the 48-hour period following the first reported illnesses, hundreds of other people became ill after drinking the water at Castle Harbour and that on February 16, 1998, MLTD was informed by the Ministry that contrary to its earlier pronouncement, additional samples tested by the Ministry indicated that the water supply was contaminated. MLTD then shut down its in-house water supply and tapped into the public water system operated by the Bermudian

government. Defendants state that it was later learned that a blockage had occurred at a distal point in the sewage system, creating a back-up and eventual overflow of sewage into the fresh water supply.

In July 1998, plaintiffs commenced the within action against Host Marriott Corporation (Host), Marriot and Liberty Travel, seeking compensatory and punitive damages based upon causes of action sounding in negligence, breach of warranty, and intentional conduct and/or gross negligence. In March 1999, defendants moved, pursuant to CPLR 3211 and 327, to dismiss this action on the grounds that: plaintiffs failed to join two necessary parties, MLTD and the Ministry; the court lacked jurisdiction over the two necessary parties; and this action should have been brought in Bermuda under the doctrine of forum non conveniens. Defendants maintained, *inter alia*, that Host and Marriott did not operate or exercise any control over Castle Harbour and that although MLTD is a wholly owned subsidiary of Marriott, Marriott is not its agent or representative.

In response, plaintiffs amended their complaint to join MLTD as a party defendant, and argued that a sufficient threshold basis existed to warrant discovery in order to ascertain whether MLTD is "doing business" in the State of New York, pursuant to CPLR 302, through the New York activities of Marriott. Plaintiffs also argued that the Ministry is not an indispensable party to this litigation and that dismissal of this action on forum non conveniens grounds was unwarranted.

The motion court, in a brief decision, denied defendants' motion to dismiss, with leave to renew within 60 days, after plaintiffs were afforded an opportunity to conduct discovery on the issue of whether MLTD was doing business in the State of New York. The motion court also transferred the matter to the Civil Court without addressing the issues of forum non conveniens and the Ministry as a necessary party.

Plaintiffs do not dispute that MLTD is a necessary party to this litigation but argue that additional discovery is necessary to determine if MLTD is doing business in New York State through its parent corporation, Marriott. Defendants, on the other hand, rely on the brief affidavits of Mark Conklin and Ed Trott, the General Manager and Resident Manager, respectively, of Castle Harbour, who aver that: MLTD is incorporated in Bermuda and its business consists solely of operating and managing Castle Harbour; MLTD maintains separate and independent employees, payroll, bank accounts, financial records and records of corporate meetings; Marriott is not MLTD's agent and Marriott and MLTD maintain separate corporate

identities; and Marriott exercises no control over MLTD's daily operations.

It is settled that a finding of agency for jurisdictional purposes cannot be inferred from the mere existence of a parent-subsidiary relationship (*Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 538, *cert denied* 389 US 923), and in order for the subsidiary's activities to warrant the exercise of jurisdiction over the parent, the parent company's degree of control over the subsidiary's activities "must be so complete that the subsidiary is, in fact, merely a department of the parent" (*Delagi v Volkswagenwerk AG*, 29 NY2d 426, 432; *see also, Rotoli v Domtar, Inc.*, 224 AD2d 939; *Porter v LSB Indus.*, 192 AD2d 205).

In *Frummer v Hilton Hotels Intl. (supra)*, the seminal case in New York regarding foreign hotels, the Court of Appeals found jurisdiction over the Hilton Hotel in London, England, in a case which arose out of plaintiff's fall in a hotel bathtub. The hotel was a British corporation owned by Hilton Hotels International, Inc., a Delaware corporation which, in turn, was owned by Hilton Hotels Corp., also a Delaware corporation. The Delaware corporations both did business in New York and jointly owned another affiliate, Hilton Credit Corp., which made hotel reservations and could confirm them on behalf of the London hotel. The Court of Appeals held, *inter alia*, that Hilton Credit Corp. was doing business in New York and attributed its activities to the London Hilton, stating "[i]n short—and this is the significant and pivotal factor—the Service does all the business which Hilton (U.K.) could do were it here by its own officials." (*Frummer v Hilton Hotels Intl., supra*, at 537.)

On the record before us in this matter, it is unclear whether MLTD is sufficiently present in this State through Marriott and/or Host Marriott to be subject to personal jurisdiction and it is our view that discovery proceedings are both "authorized and necessary" on this issue (*Jacobson v Princess Hotels Intl.*, 101 AD2d 757, 758; *see also, Noble v Singapore Resort Motel*, 21 NY2d 1006; *Shea v Hambro Am.*, 200 AD2d 371), especially since the corporate relationships are complex and the relevant facts are exclusively within the control of the party seeking dismissal (*Banham v Morgan Stanley & Co.*, 178 AD2d 236).

We also find that the Ministry is not a necessary party to this action. In order to warrant dismissal for failure to join a necessary party, defendants have to demonstrate that the Ministry's joinder was necessary to accord full relief to the parties presently joined or that the Ministry would be inequitably affected by any judgment that might result in this action (*CBS*

*Corp. v Dumsday,* 268 AD2d 350, 353). Since Castle Harbour is owned, managed and operated by MLTD, and the Ministry merely regulated water storage but was not in any way responsible for the maintenance of the water systems, the Ministry, at most, is a joint tortfeasor and is, therefore, not a necessary party (*Hecht v City of New York,* 60 NY2d 57, 62; *Wolstencroft v Sassower,* 124 AD2d 582). In addition, defendants have failed to demonstrate that the Ministry would be inequitably affected by a judgment in this case as defendants, according to their own expert, would not be able to seek indemnification against the Ministry.

Finally, we decline, at this juncture, to undertake a forum non conveniens analysis until a threshold determination is made as to whether personal jurisdiction exists over the corporate defendant (*see, Caribbean Constr. Servs. & Assocs. v Zurich Ins. Co.,* 244 AD2d 156; *Sarfaty v Rainbow Helicopters,* 221 AD2d 618; *I.F.S. Intl. v S.L.M. Software,* 174 AD2d 811). Concur—Nardelli, J. P., Tom, Andrias, Rubin and Buckley, JJ.