■ ROBIN BRADY, Respondent, v BIOTECH CORP. et al., Defendants, and BIOTECH (N. A.) LTD., et al., Appellants. (And a Third-Party Action.) [724 NYS2d 480] —In an action to recover damages for personal injuries, etc., the defendants Biotech (N. A.) Ltd. and RCS Electronic Equipment Corp., separately appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 15, 2000, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of Biotech (N. A.) Ltd. and substituting therefor provisions granting the motion dismissing the complaint and all cross claims insofar as asserted against that defendant, and severing the action against the remaining defendants; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that Biotech (N. A.) Ltd. is awarded one bill of costs payable by the plaintiff.

The plaintiff was injured when the forklift she was operating failed to brake, and her foot was caught between it and the wall. Biotech (N. A.) Ltd. (hereinafter Biotech NA) owned the forklift and it normally called RCS Electronic Equipment Corp. (hereinafter RCS) to service the forklift when it malfunctioned.

Biotech NA established its prima facie entitlement to judgment as a matter of law. In response, the plaintiff failed to raise a triable issue of fact that Biotech NA had notice of the alleged defect or that its actions were the proximate cause of the plaintiff's injuries (*see, Rogers v Dorchester Assocs.,* 32 NY2d 553; *Kleinman v Delfus Realty Corp.,* 25 Misc 2d 901).

RCS established its prima facie entitlement to judgment as a matter of law. In response, the plaintiff raised a triable issue of fact regarding whether the malfunctioning of the contact tips or of the "dead man" brake pedal proximately caused the plaintiff's injuries and whether RCS should have remedied such defects when its employee inspected the forklift after the

plaintiff had notified it that the forklift "felt jerky" (see, *Rogers v Dorchester Assocs., supra*; *Gallo v Bay Ridge Lincoln Mercury*, 262 AD2d 450).

The plaintiff's remaining arguments are without merit. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.