█ WILLIAM F. ACHTZIGER, Respondent, v FUJI COPIAN CORP., Appellant, and MERZ METAL & MACHINE CORP., et al., Respondents. [750 NYS2d 413] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered March 6, 2002, which denied the motion of defendant Fuji Copian Corp. for summary judgment dismissing the complaint and cross claims against it, and granted the cross motion of plaintiff to amend the summons and complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claims against defendant Fuji Copian Corp. are dismissed and the cross motion is denied.

Memorandum: Plaintiff commenced this action against defendant Fuji Copian Corp. (Corp) and others seeking damages for injuries he sustained when he fell from a ladder attached to a large machine. Although plaintiff alleges in the complaint that Corp was, inter alia, the manufacturer of the machine, the machine was in fact purchased by plaintiff's employer from Fuji Kagakushi Kogyo Company, Ltd. (Kogyo) more than three years before Corp came into existence. Kogyo later changed its name to Fujicopian Company, Limited (Limited). In the complaint, plaintiff asserts causes of action against Corp for

negligence, failure to warn, breach of express and implied warranties, and strict products liability. Corp moved for summary judgment dismissing the complaint and all cross claims against it on the ground that it did not manufacture the machine in question, and plaintiff cross-moved to amend the summons and complaint by naming Limited as a defendant in place of Corp.

We conclude that Supreme Court erred in denying Corp's motion. In support thereof, Corp established that it had nothing to do with the subject machine, and plaintiff failed to raise a triable issue. In fact, in seeking to substitute Limited for Corp as a defendant by way of his cross motion, plaintiff thereby acknowledged that Corp should not be a party to this lawsuit.

We further conclude that the court erred in granting plaintiff's cross motion. Contrary to plaintiff's contention, the summons and complaint cannot be amended to add Limited as a party defendant pursuant to CPLR 305 (c) or 2001 where, as here, the defect is jurisdictional (*see Coleman v Vansteen,* 227 AD2d 919, 920). Amendment of a summons and complaint to reflect the proper name of a defendant should be permitted only if "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton,* 159 AD2d 16, 20; *see Balderman v Capital City/Am. Broadcasting Co.,* 233 AD2d 861, 862; *Hayes v Apples & Bells,* 213 AD2d 1000, 1001). In this case, plaintiff's service on Corp does not constitute service on Limited (*see Feszczyszyn v General Motors Corp.,* 248 AD2d 939, 940-941; *cf. Bracken v Niagara Frontier Transp. Auth.,* 251 AD2d 1068, 1068-1069; *Balderman,* 233 AD2d at 862). " 'This is not a case where a party is misnamed * * *; rather it is a case where the plaintiff seeks to add or substitute a party defendant' " (*Jordan v Lehigh Constr. Group,* 259 AD2d 962, 962). Plaintiff presented no evidence that Corp is a designated agent for service of process upon Limited (*see Feszczyszyn,* 248 AD2d at 941). Plaintiff also failed to show that Limited "is an 'involuntary' agent in the absence of 'such complete control by the parent over the subsidiary that it negates the conclusion that the subsidiary is operated as a separate and independent entity' " (*id.,* quoting *Brandt v Volkswagen AG.,* 161 AD2d 1149, 1150; *see Derso v Volkswagen of Am.,* 159 AD2d 937, 937-938). The evidence submitted by Corp establishes that it is a subsidiary of Limited but is nevertheless a separate and distinct entity from Limited (*see Derso,* 159 AD2d at 938).

We further reject plaintiff's contention that Limited should be added as a party defendant pursuant to CPLR 203 (b) and 3025 (b). Plaintiff failed to show that Limited is united in interest with Corp. "The mere existence of a parent-subsidiary corporate relationship is insufficient to establish a unity of interest between the two corporations" (*Feszczyszyn,* 248 AD2d at 940; *see Derso,* 159 AD2d at 938-939). Related corporations such as Corp and Limited "are united in interest only where one corporation is vicariously liable for the acts of the other," and, in order for such vicarious liability to exist, " '[t]he parent corporation must exercise complete dominion and control [over] the subsidiary's daily operations' " (*Feszczyszyn,* 248 AD2d at 940; *see Hilliard v Roc-Newark Assoc.,* 287 AD2d 691, 692; *Rotoli v Domtar,* 224 AD2d 939, 940). Plaintiff failed to show that Limited exercises complete dominion and control over Corp (*see Feszczyszyn,* 248 AD2d at 940). Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.