■ SANGHO PARK et al., Appellants, v BAY CRANE, INC., Defendant and Third-Party Plaintiff-Respondent. RAPID TIRE SERVICE OF BROOKLYN, INC., Third-Party Defendant-Respondent. [854 NYS2d 154]—

The defendant Bay Crane, Inc. (hereinafter Bay Crane), engaged the third-party defendant Rapid Tire Service of Brooklyn, Inc. (hereinafter Rapid Tire), to service, repair, and change the tires on its cranes. On October 23, 2003 the plaintiff Sangho Park, then an employee of Rapid Tire, was attempting to mount a spare tire supplied to him by Bay Crane onto one of its cranes at a Bay Crane yard. He was injured when that tire exploded.

The plaintiffs subsequently commenced this action against Bay Crane. The injured plaintiff asserted a single cause of action against Bay Crane to recover damages due to his injuries. He sought to recover based upon theories sounding in breach of

warranty, strict products liability, and negligence. His spouse, the plaintiff Mingsong Park, asserted derivative claims. The Supreme Court granted Bay Crane's motion for summary judgment dismissing the complaint as well as that branch of Rapid Tire's separate motion which sought the same relief. We affirm the order insofar as appealed from.

In response to the movants' prima facie showing of their entitlement to summary judgment, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since Bay Crane was not a manufacturer, seller, or distributor of the tire that is alleged to have caused the injuries, it was not subject to liability based upon either a breach of warranty of fitness or a strict products liability theory (*see Spallholtz v Hampton C.F. Corp.*, 294 AD2d 424 [2002]; *Watford v Jack LaLanne Long Is.*, 151 AD2d 742, 744 [1989]).

Further, the doctrine of res ipsa loquitur is not applicable here. The plaintiffs' own proof established not only that the instrumentality which caused the injury of the plaintiff Sangho Park, i.e., the tire, was not within the exclusive control of the defendant Bay Crane, but, at the time of the accident, was, in fact, under the exclusive control of the injured plaintiff (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 220 [1986]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Florio, Carni and Leventhal, JJ., concur.