██ Setsuo Ito, Appellant, v Marvin Windows of New York, Inc., Respondent. [865 NYS2d 119]—

In an action to recover damages for breach of express and implied warranties, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 5, 2007, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion, inter alia, for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

In 1990 the plaintiff purchased "Marvin windows and doors" for installation in his house in Bridgehampton. He alleged that, at the time he purchased those products, a saleswoman told him that they came with a "lifetime warranty." The plaintiff, however, never received anything in writing about such a lifetime warranty, and the written contract provided only for a one-year warranty. In 1997 the plaintiff became aware that some of the windows and doors were defective, and he contacted Marvin Lumber and Cedar Company (hereinafter Marvin Lumber), a Minnesota company that had manufactured the product. In December 2000, after extensive correspondence, Marvin Lumber began to repair and replace the defective windows and doors, but inexplicably stopped work in April 2001.

In 2002 the plaintiff commenced this action against the defendant, Marvin Windows of New York, Inc., alleging breach of express and implied warranties. In 2006, the defendant moved for summary judgment dismissing the complaint, contending that it had not manufactured, sold, or distributed the windows and doors that the plaintiff had purchased. The plaintiff opposed the motion and cross-moved, inter alia, to amend the complaint to name the alleged manufacturer, Marvin Lumber, as a codefendant. The Supreme Court granted the defendant's motion for summary judgment, concluding that the defendant established, prima facie, that it was not the manufacturer, seller, or distributor of the defective products, and the plaintiff failed to raise a triable issue of fact. The Supreme Court also denied the plaintiff's cross motion, inter alia, for leave to serve an amended complaint. We affirm.

Liability may not be imposed for breach of warranty upon a party that is outside the manufacturing, selling, or distribution chain (*see Park v Bay Crane, Inc.*, 49 AD3d 617, 618 [2008]; *Spallholtz v Hampton C.F. Corp.*, 294 AD2d 424 [2002]; *Passaretti v Aurora Pump Co.*, 201 AD2d 475 [1994]). Here, the de-

fendant established its entitlement to judgment as a matter of law by demonstrating that it did not manufacture, sell, or distribute the subject windows and doors (*see Park v Bay Crane, Inc.,* 49 AD3d 617 [2008]; *Spallholtz v Hampton C.F. Corp.,* 294 AD2d 424 [2002]; *Passaretti v Aurora Pump Co.,* 201 AD2d 475 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact.

Relying on the "relation back" provisions of the CPLR (*see* CPLR 203 [b]; *Feszczyszyn v General Motors Corp.,* 248 AD2d 939, 940-941 [1998]; *cf.* CPLR 305 [c]), the plaintiff sought leave to amend the complaint by adding as a defendant Marvin Lumber, the alleged manufacturer of the defective product against which the statute of limitations had already expired (*see Ito v Marvin Lbr. & Cedar Co.,* 54 AD3d 1001 [2008] [decided herewith]). CPLR 203 (b) allows an otherwise untimely claim brought against one defendant to relate back to a claim timely interposed against another provided that " '(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against [it] as well' " (*Buran v Coupal,* 87 NY2d 173, 178 [1995], quoting *Brock v Bua,* 83 AD2d 61, 69 [1981]; *see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,* 80 NY2d 219, 226 [1992]). The plaintiff failed to make the required showing here.

Moreover, even if the plaintiff's cross motion were deemed to be a motion merely to substitute the alleged manufacturer as a defendant in place of the defendant on the ground that the intended defendant was merely misnamed, the motion would properly have been denied. The plaintiff failed to establish that it served a person authorized to be served on behalf of Marvin Lumber and thereby gained jurisdiction over it (*see Achtziger v Fuji Copian Corp.,* 299 AD2d 946, 947 [2002]; *Ober v Rye Town Hilton,* 159 AD2d 16, 20 [1990]; Siegel, NY Prac § 65, at 98-99 [4th ed]).

In sum, even assuming that this action was timely brought against the defendant, the plaintiff did not establish its entitlement to add Marvin Lumber as a defendant, and the Supreme Court properly denied its cross motion.

The plaintiff's remaining contention is without merit. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.