■ DANNY R. SANDERS, Appellant, v TIM HORTONS, Respondent Appellant. [869 NYS2d 721]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell inside a grocery store owned and operated by an entity allegedly named Tim Hortons. Defendant moved to dismiss the complaint on the ground that "Tim Hortons" was merely a trademark rather than a legal entity against which an action may be maintained, and plaintiff cross-moved to amend the caption to reflect the proper corporate defendant. Supreme Court granted defendant's motion and denied plaintiff's cross motion. We affirm.

"Amendment of a summons and complaint to reflect the proper name of a defendant should be permitted only if (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 947 [2002], *lv dismissed in part and denied in part* 100 NY2d 548 [2003] [internal quotation marks omitted]). Here, plaintiff failed to attach a proposed amended summons and complaint to his cross motion papers and thus failed to establish that he would name the correct defendant in the event that the court granted his cross motion. In addition, the record before us does not contain an affidavit of service, and we thus are unable to ascertain whether the correct defendant "has in fact been properly served" (*id.*). The reliance by plaintiff on the affidavit of service attached to his brief on appeal is misplaced because it is well settled that "[m]atter[s] dehors the record [are] not to be considered on appeal" (*Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]). Finally, inasmuch as "plaintiff

failed to establish that [he] served a person authorized to be served on behalf of" the correct defendant (*Ito v Marvin Windows of N.Y., Inc.*, 54 AD3d 1002, 1004 [2008]), we are unable to determine whether such defendant would be prejudiced by the proposed amendment. Present—Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.