*884 In an action for contribution, (1) the defendant Nissens North America appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered January 3, 2012, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Automotive Capital, LLC, doing business as National Auto Parts Express, appeals from an order of the same court, also entered January 3, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the first order entered January 3, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that the second order entered January 3, 2012, is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The defendant Nissens North America (hereinafter Nissens) allegedly manufactured a radiator and supplied it to the defendant Automotive Capital, LLC, doing business as National Auto Parts Express (hereinafter Automotive). Automotive allegedly supplied that radiator to the plaintiff, Miele Auto Parts, Inc. (hereinafter Miele). Miele then supplied the radiator to the employer of an automobile technician, Stanley Pamphile. Pamphile commenced a personal injury action against Miele after he was injured when the radiator cracked and poured hot coolant on him. A jury found Miele liable and awarded Pamphile damages. Miele commenced this action seeking contribution from Nissens and Automotive.
The Supreme Court properly denied summary judgment to the defendants dismissing the complaint insofar as asserted against them. Initially, contrary to Nissens’ contention, the Supreme Court did not improperly consider the jury verdict in the personal injury action in determining that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it. Furthermore, where a party is injured as a result of a defective product, the product manufacturer or others in the chain of distribution may be liable for those injuries if the defect was a substantial factor in causing the injury (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41 [2003]). Here, Nissens failed to meet its initial burden in moving for summary judgment, as it failed to establish, prima facie, that the radiator was not defective (see Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1324 [2008]; see also Speller v Sears, Roebuck & Co., 100 NY2d at 41-42; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Automotive also failed to meet its initial burden, as it failed to establish, *885 prima facie, that it did not supply the radiator (see generally Zuckerman v City of New York, 49 NY2d at 562). Accordingly, the Supreme Court properly denied the motions, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons, 79 AD3d 1082, 1084 [2010]). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.