■ KEVIN TOMPKINS et al., Respondents, v TRAILER STAKE Co. et al., Defendants, and ALLEN CABINETS, INC. Appellant. (And a Third-Party Action.) [16 NYS3d 761]—In an action to recover damages for personal injuries, etc., the defendant Allen Cabinets, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), entered May 27, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Kevin Tompkins allegedly sustained injuries while working on a truck when one of the upright wooden stakes surrounding the bed of the truck broke, causing him to fall to the ground and hit his head. The plaintiffs commenced this action against, among others, the defendant Allen Cabinets, Inc. (hereinafter Allen Cabinets), alleging that it manufactured the stake. Allen Cabinets moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it did not manufacture the stake. The Supreme Court denied the motion.

Allen Cabinets failed to demonstrate, prima facie, that it did not manufacture the subject stake. Its evidentiary submissions failed to establish that there was no reasonable probability that it manufactured the stake (*see Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601 [1996]; *Ebenezer Baptist Church v Little Giant Mfg. Co., Inc.*, 28 AD3d 1173, 1174 [2006]; *Surdo v Albany Collision Supply, Inc.*, 8 AD3d 655, 655 [2004]). Accordingly, the Supreme Court properly denied Allen Cabinets' motion for summary judgment, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.