Cordella v Raymond of N.J., LLC (2018 NY Slip Op 02158)





Cordella v Raymond of N.J., LLC


2018 NY Slip Op 02158


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-06431
 (Index No. 101074/13)

[*1]Eric Cordella, respondent, 
v
Raymond of New Jersey, LLC, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless, Phillip A. Tumbarello, and Joseph Wodarski of counsel), for appellant.
Kevin L. Mosley, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 29, 2015, which denied its motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when a forklift operated by a coworker ran over his foot. Thereafter, the plaintiff commenced this action against the defendant, alleging strict products liability and negligent repair and maintenance of the forklift.
The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged strict products liability. The defendant failed to establish, prima facie, that it had no role in the design, distribution, marketing, or sale of the forklift (see Tompkins v Trailer Stake Co., 131 AD3d 1163, 1163; Stokes v Komatsu Am. Corp., 117 AD3d 1152, 1154-1155; Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 94 AD3d 1270, 1272; Ebenezer Baptist Church v Little Giant Mfg. Co., Inc., 28 AD3d 1173, 1174; cf. Ito v Marvin Windows of N.Y., Inc., 54 AD3d 1002, 1003-1004; Park v Bay Crane, Inc., 49 AD3d 617, 618; Passaretti v Aurora Pump Co., 201 AD2d 475, 475). Additionally, the defendant's submissions did not demonstrate, prima facie, that the plaintiff's actions constituted the sole proximate cause of his injuries (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 34; Amatulli v Delhi Constr. Corp., 77 NY2d 525, 534; Cecere v Zep Mfg. Co., 116 AD3d 901, 902; cf. Gorbatov v Matfer Group, 136 AD3d 745, 746; Isselbacher v Larry Lopez Truck Equip. Mfg. Co., 66 AD3d 840, 841; Bruno v Thermo King Corp., 66 AD3d 727, 729). As the defendant failed to meet its initial burden, the court properly denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged strict products liability, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Miele Auto Parts, Inc. v Automotive Capital, LLC, 109 AD3d 883, 885).
Additionally, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent repair and maintenance. The defendant's evidentiary submissions were insufficient to eliminate [*2]triable issues of fact as to whether it created or was aware of the alleged braking problems of the forklift at the time of the accident (see Parker v Crown Equip. Corp., 39 AD3d 347, 347-348; Brady v Biotech Corp., 283 AD2d 452, 452). Since the defendant's submissions revealed the existence of triable issues of fact, it failed to demonstrate its prima facie entitlement to judgment as a matter of law and, accordingly, the court properly denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged negligent repair and maintenance, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Farruggio v Lavender, 123 AD3d 875, 876).
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court