Matter of City of Rochester v Turner (2019 NY Slip Op 08033)





Matter of City of Rochester v Turner


2019 NY Slip Op 08033


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


939 CA 18-02371

[*1]IN THE MATTER OF CITY OF ROCHESTER, PETITIONER-RESPONDENT,
v
THOMAS C. TURNER AND KINGSLEY STANARD, RESPONDENTS-APPELLANTS. 






SANTIAGO BURGER LLP, PITTSFORD (MICHAEL A. BURGER OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered May 24, 2018. The order reversed an order of the Rochester City Court discontinuing the action without prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this special proceeding in City Court seeking, inter alia, abatement of certain property code violations and an order compelling respondents to allow an interior inspection of the property. In a prior order, City Court rendered a summary determination that, inter alia, ordered respondents to vacate the property pending issuance of a certificate of occupancy for the premises. On appeal, County Court reversed and remitted to City Court. Thereafter, City Court issued, and County Court on appeal reversed, two additional orders addressing petitioner's request for an interior inspection of the property.
Upon remittal to City Court following the third appeal to County Court, petitioner abandoned its request for all relief in the petition except for abatement of a property code violation related to gutters. Although respondents contended that City Court should dismiss the petition in its entirety with prejudice, City Court suggested, and petitioner agreed to accept, an order of discontinuance without prejudice pursuant to CPLR 3217 (b). Respondents appealed from that order to County Court, which held that because the issue regarding the alleged gutter violation had already been submitted to City Court to decide, City Court could not discontinue the action pursuant to CPLR 3217 (b) without respondents' consent. County Court further held that the issue regarding the alleged property code violation was still pending and therefore rejected respondents' contention that the petition should be dismissed in its entirety. County Court thus reversed City Court's order of discontinuance and remitted the matter to City Court to determine, among other things, whether petitioner would proceed with its petition insofar as it sought abatement of the alleged property code violation regarding gutters on the subject property. Respondents now appeal from that order, contending that County Court erred in failing to dismiss the petition in its entirety with prejudice. We affirm.
Contrary to respondents' contention, City Court has jurisdiction over petitioner's special proceeding to abate property code violations (see UCCA 203 [a] [2], [6]; 400 [1]; Municipal Code of the City of Rochester § 52-3 [B]). Moreover, County Court did not, in its prior order, determine that City Court lacked such jurisdiction; rather, it "agree[d] with [City Court] that it does have subject matter jurisdiction and equity jurisdiction to abate a continued violation[.]"
We reject respondents' contention that the order on appeal violated their right to due process by allowing petitioner to seek relief with respect to a violation that was not pleaded in the petition. The petition here alleged that there were "approximately ten (10) code violations (both interior and exterior), some extending as far back as 2004, . . . outstanding" and included as an attachment a copy of an amended Notice and Order citing a violation for missing or defective gutters.
We likewise reject respondents' contention that petitioner failed to preserve its request for relief regarding the gutter violation by failing to address the issue on certain prior appeals by respondents to County Court. The record reflects that those appeals were limited to the distinct issue of petitioner's request for an interior inspection and that it was always contemplated by City Court that it would address the alleged property code violations after it resolved the issue regarding the interior inspection. For the same reason, we reject respondents' contention that County Court erred in remitting the matter to City Court for consideration of matters outside the scope of County Court's prior remittal.
We also reject respondents' contention that the petition must be dismissed because petitioner has not, at this stage, conclusively established the alleged violation through admissible evidence. In this special proceeding, City Court has not yet decided the issue of the alleged violation. Thus, even assuming, arguendo, that petitioner has not conclusively established the violation at this stage, the remedy would be a trial pursuant to CPLR 410, not dismissal (see generally Matter of Peters, 132 AD3d 1250, 1251-1252 [4th Dept 2015]).
Finally, we note that the record before us does not reflect that the alleged gutter violation has been finally determined in any of City Court's prior orders, and thus respondents' contention that the alleged gutter violation no longer exists or that petitioner has otherwise received all relief sought in the petition is not properly before us inasmuch as that contention relies on material outside the record on appeal (see generally Sanders v Tim Hortons, 57 AD3d 1419, 1420 [4th Dept 2008]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court