Pons v Adriness Partners, L.P. (2021 NY Slip Op 01366)





Pons v Adriness Partners, L.P.


2021 NY Slip Op 01366


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 452196/18 Appeal No. 13189 Case No. 2020-02568 

[*1]Jean Pons et al., Plaintiffs-Appellants, Gilles Charpentier, Plaintiff,
v
Adriness Partners, L.P., et al., Defendants, Sandra Nunnerley et al., Defendants-Respondents.


McCue Sussmane Zapfel & Cohen P.C., New York (Ken Sussmane of counsel), for appellants.
Pelosi Wolf Effron & Spates LLP, New York (Alan Effron of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about April 6, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Sandra Nunnerly, Inc. (SNI) to dismiss the causes of action for an accounting, fraudulent conveyance and unjust enrichment as against it, unanimously modified, on the law, to reinstate the accounting claim contingent on plaintiffs' filing an application for the appointment of a representative of the Estate of Daniel Friedlender within 30 days if not already done so, and service upon the representative within 20 days of appointment, to reinstate the claim for unjust enrichment and to grant plaintiffs leave to replead the claim of fraudulent conveyance if so advised, and otherwise affirmed, without costs.
The former limited partner who had assigned all of his interest in the partnership to plaintiffs was not a necessary party to the partnership accounting. However, the Estate of the principal of the partnership's general manager and advisor, who was accused of operating a Ponzi scheme, could be adversely affected by rulings in the accounting, and thus must be joined (see Amsellem v Host Marriott Corp. , 280 AD2d 357, 359 [1st Dept 2001]).
Plaintiffs were entitled to plead an unjust enrichment claim, despite the existence of a partnership agreement, where they alleged that the agreement was invalid as induced by fraud (see Auguston v Spry , 282 AD2d 489, 491 [1st Dept 2001]).
Supreme court properly dismissed the claim for fraudulent conveyance based upon the deficiencies in the complaint. Plaintiffs seem to have pleaded a hodgepodge of elements. They alleged in conclusory fashion that the transfer to defendant SNI was made with "actual intent to defraud," and was "constructively fraudulent, because it was made without adequate consideration," that it left defendant Adriness insolvent, and that SNI was aware from account statements it received that the conveyance was fraudulent. While insufficient, under all of the circumstances, plaintiffs should have been afforded leave to replead this claim to correct these deficiencies (see CPLR 3025[b]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp. , 59 NY2d 755, 757 [1983]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021