Pons v Adriness Partners L.P. (2024 NY Slip Op 50892(U))

[*1]

Pons v Adriness Partners L.P.

2024 NY Slip Op 50892(U)

Decided on July 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 12, 2024
Supreme Court, New York County

Jean Pons, VIRGINIE PONS, GILLES CHARPENTIER and GENESIS HOLDINGS, individually, and derivatively on behalf of ADRINESS PARTNERS, L.P, Plaintiff,

against
Adriness Partners L.P., ADRINESS ADVISORS LLC, ADRINESS CAPITAL MANAGEMENT LLC, DF ADVISORS INC., ESTATE OF DANIEL FRIEDLENDER, CELESTE FRIEDLENDER, ADRIEL FRIEDLENDER, NESSIA FRIEDLENDER, AND SANDRA NUNNERLEY, Defendant.

Index No. 452196/2018

Attorney for Plaintiffs:
Kenneth S. Sussmane, Esq. of MCCUE SUSSMANE ZAPFEL & COHEN PC
Attorney for Defendants:
Nathan A. Goldberg, Esq. of SCHOEMAN UPDIKE & KAUFMAN LLP
Alyssa Bliss, Esq. of SCHOEMAN UPDIKE & KAUFMAN LLP
Beth L. Kaufman, Esq. of SCHOEMAN UPDIKE & KAUFMAN LLP
Nathan Aaron Goldberg, Esq. of SCHOEMAN UPDIKE & KAUFMAN LLP
Alan Effron, Esq. of FULTON VITTORIA LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) were read on this motion for AMEND THE COMPLAINT.
In this derivative action, plaintiffs are foreign investors that claim to be victims of a Ponzi-style investment scheme perpetrated by the late Daniel Friedlender. Plaintiffs allege that Daniel Friedlender solicited investments from the plaintiffs in his limited partnership firm, Adriness Partners L.P. Plaintiffs later discovered that the partnership was part of an alleged scheme to defraud investors and that their investment, made in excess of $5,000,000, was allegedly transferred out of the partnership for the benefit of the defendants. Plaintiffs bring this action against the partners of Adriness Partners L.P. and its corporate affiliates on grounds of fraud. In motion sequence no. 005, plaintiffs seek leave to amend the amended complaint and the caption in this case.
Plaintiffs filed the original complaint on November 21, 2018, against defendants Adriness Partners L.P. (the Partnership), Adriness Advisors LLC (the General Partner), Adriness Capital Management LLC (the Manager), DF Advisors Inc. (together with the General Partner and Manager, collectively referred to as the Defendant Companies), Estate of Daniel Friedlender, Celeste Friedlender, Adriel Friedlender, Nessia Friedlender, and Sandra Nunnerley. Initially, plaintiffs sought recovery against Sandra Nunnerley personally for fraudulent conveyance, breach of contract pursuant to the partnership agreement, unjust enrichment, and violation of 6 Delaware Code §17-607. Plaintiffs claimed that: (1) distributions made to Sandra Nunnerley's corporation exceeded her pro rata shares of the Partnership assets; (2) she allegedly knew that the distributions violated Delaware partnership law at the time they were made; and (3) she was required to return the distributions to the partnership totaling $2,545,382. Nunnerley moved to dismiss the complaint against her individually (motion sequence no. 002).
On March 21, 2019, plaintiffs filed an amended complaint in lieu of an opposition to Nunnerley's motion. The amended complaint asserted the same four claims as in the original complaint against Sandra Nunnerley, and included her corporation, Sandra Nunnerley Inc. (together with Sandra Nunnerley, collectively referred to as the Nunnerley Defendants) as an additional defendant. The amended complaint also asserted a claim for a judicial accounting of the Partnership. However, Gilles Charpentier, a former limited partner, was removed from the case's caption as a plaintiff. The Nunnerley Defendants moved to dismiss the amended complaint (motion sequence no. 004).
On April 29, 2020, Justice O. Peter Sherwood entered a decision and order granting the motion to dismiss the amended complaint against the Nunnerley Defendants (NYSCEF doc. no. 147). In this decision, the court noted that all partners, including limited partners, must be joined to maintain a cause of action for a judicial accounting. The court observed that the failure to join the Estate of Daniel Friedlender and Gilles Charpentier as defendants was fatal to the accounting claim.
With respect to the breach of contract claim, the court indicated that plaintiffs failed to identify which provision of the partnership agreement, if any, was breached when Sandra Nunnerley Inc. elected to redeem its interest in the partnership. Therefore, the court concluded that the amended complaint must be dismissed because: (1) the accounting claim could not survive; (2) the claim against Sandra Nunnerley individually did not allege facts sufficient to support a claim for piercing the corporate veil; and (3) plaintiffs failed to state causes of action against Sandra Nunnerley Inc. for fraudulent conveyance, unjust enrichment, breach of contract or violation of 6 Del. Code §17-607. Plaintiffs filed a notice of appeal of the decision on June 2, 2020.
On November 3, 2020, plaintiffs filed the instant motion (motion sequence no. 005) for leave to amend the amended complaint and to amend the caption. Here, plaintiffs proffered The Agreement of Limited Partnership (the Partnership Agreement), obtained from a third-party following the oral argument of the motion to dismiss. The proposed amended complaint identified the specific provisions that plaintiffs alleged Sandra Nunnerley Inc. breached when it withdrew from the Partnership and received its liquidating distribution. The proposed amended complaint also sought to add Gilles Charpentier as a defendant in connection with plaintiffs' claim for a judicial accounting.
The Appellate Division, First Department issued a decision on plaintiffs' appeal of the motion to dismiss on March 9, 2021. The First Department affirmed Justice Sherwood's decision [*2]to grant the motion. However, the Court modified on the law to reinstate the judicial accounting claim, contingent on plaintiffs filing an application to appoint a representative of the Estate of Daniel Friedlender within 30 days, to reinstate the claim for unjust enrichment, and to grant leave to replead the claim of fraudulent conveyance (Pons v. Adriness Partners, L.P., 192 AD3d 462 [1st Dept 2021]). The First Department also concluded that Gilles Charpentier was not a necessary party to the partnership accounting claim because the former limited partner assigned all of his interest in the partnership to plaintiffs (id.).
Thereafter, plaintiffs filed a second amended complaint on August 20, 2022. The second amended complaint continues its claims against the Defendant Companies, Partnership, and the Estate of Daniel Friedlender. However, the second amended complaint substantially differs from the proposed second amended complaint — submitted as part of plaintiffs' motion for leave to amend — in that it drops all claims against Sandra Nunnerley Inc., except for the derivative accounting claim against all partners of the Partnership. Sandra Nunnerley Inc. timely filed an answer to the second amended complaint, and thereby waived any opposition to the amendment.
Accordingly, it is hereby
ORDERED that Plaintiff's motion sequence no. 005, for leave to amend the amended complaint and caption, is denied as moot.
DATE July 12, 2024
ROBERT R. REED, J.S.C.