OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this action for personal injuries against a doctor and a hospital allegedly arising from negligent surgery, treatment and care, a single copy of the summons and complaint was served upon the hospital administrator on February 6, 1980. "Nail and mail” service (see, CPLR 308 [4]) was subsequently attempted on the doctor at his former residence. In his answer, the doctor asserted as an affirmative defense that the court lacked jurisdiction of the person. Four years later, after discovery, the hospital (not a party to this appeal) unsuccessfully sought summary judgment on plaintiff’s direct and deriv *696 ative causes of action against it. The Appellate Division modified by dismissing both the derivative claim and part of the direct negligence claim, sustaining only the portion of the claim relating to the hospital’s alleged breach of duty to investigate the doctor’s competency before renewing his staff privileges (110 AD2d 1067). That order is not in issue on this appeal.
While the hospital’s motion for summary judgment made its way through Special Term and the Appellate Division, the doctor separately moved to dismiss the complaint against him for lack of personal jurisdiction. Plaintiff opposed the motion on the ground that valid service had been made on the doctor pursuant to CPLR 308 (2) by delivering the summons and complaint to the hospital administrator and mailing a copy to his home. (Plaintiff abandoned the contention that "nail and mail” service had been made on the doctor.) Additionally, on October 26, 1984, plaintiff served a duplicate summons and complaint on the doctor, which he contended was untimely. Special Term concluded that personal service of the original summons and complaint had not been effectuated on the doctor, but that the later service was timely because the doctor and the hospital were united in interest, thereby tolling the Statute of Limitations. The Appellate Division modified by dismissing the complaint against the doctor. Recognizing that defendants’ interests would be united only where one defendant is vicariously liable for the acts of the other, the Appellate Division noted that, based on its earlier decision in the hospital’s appeal, it was law of the case that the hospital could not be held vicariously liable for the doctor’s malpractice. We dismissed plaintiff’s appeal as of right on constitutional grounds, and granted her motion for leave to appeal.
On the issue of the original service of process on the doctor, the Appellate Division correctly affirmed dismissal of the complaint. While the CPLR is silent as to the number of copies of a summons and complaint that must be served on a person conceivably acting in more than one representative capacity, the guiding principle must be one of notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Mullane v Central Hanover Trust Co., 339 US 306, 314; see also, Bossuk v Steinberg, 58 NY2d 916, 918-919.) Where only one copy of the summons and complaint was delivered to the hospital admin *697 istrator, though he was also conceivably qualified to accept service for defendant doctor pursuant to CPLR 308 (2), actual notice to the doctor depended upon several contingencies. The administrator had to know, for example, that service was being made on the doctor as well as the hospital, notify him, and furnish him with copies of the documents.
Significantly, after service on the hospital administrator efforts were made to serve the doctor at his home; apparently even the process server did not intend to serve both the doctor and the hospital when he left one summons and complaint at the hospital. Plaintiff’s claim that the doctor was not prejudiced because he actually received the first summons and complaint in the mail is without merit. When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents (see, Macchia v Russo, 67 NY2d 592; McDonald v Ames Supply Co., 22 NY2d 111, 115).
On the legal issue of unity of interest, the Appellate Division also correctly concluded that the hospital and the doctor were not "united in interest” so as to toll the Statute of Limitations (CPLR 203 [b]), Service of the duplicate summons and complaint on the doctor was therefore untimely. Generally, in malpractice and negligence actions, defendants will be considered united in interest, rather than joint tort-feasors, when one is vicariously liable for the acts of the other (see, Connell v Hayden, 83 AD2d 30; see also, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.06). For a hospital to be vicariously liable for the negligence of a physician, ordinarily an employment relationship, rather than mere affiliation, is required (see, Hill v St. Clare’s Hosp., 67 NY2d 72; Topel v Long Is. Jewish Med. Center, 55 NY2d 682, 683-684). Here, however, there was no showing of the doctor’s employment by the hospital; nor was there any showing that plaintiff had sought care directly from the hospital rather than from the doctor himself (see, Hill v St. Clare’s Hosp., 67 NY2d, at pp 80-81, supra).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.