■ HARRY KOSLOWSKI, Appellant, v SAM KOSLOWSKI et al., Respondents. [672 NYS2d 808] —In an action, *inter alia,* for an accounting, for the imposition of a constructive trust, and to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), entered April 24, 1997, as, in effect, denied his application to correct nunc pro tunc the late filing of proof of service on the defendant Helen Koslowski.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff served the complaint upon his mother, the defendant Helen Koslowski, on August 24, 1995. Although

required to file proof of service with the clerk within 20 days thereafter (*see,* CPLR 308 [4]), the plaintiff did not file proof of service until October 2, 1995.

The failure to file proof of service pursuant to CPLR 308 (4) is a mere irregularity (*see, Hausknecht v Ackerman,* 242 AD2d 604; *Weininger v Sassower,* 204 AD2d 715) which may be cured by motion "if, under the facts, the court in the exercise of discretion deems it best" (*Reporter Co. v Tomicki,* 60 AD2d 947; *see also,* CPLR 2001, 2004).

The plaintiff first sought permission to correct the untimely filing of proof of service in reply papers submitted in connection with his motion pursuant to CPLR 3215 (d) for "proceedings for the entry of a judgment" against Helen Koslowski. Although Helen Koslowski did not oppose the plaintiff's motion, the remaining defendants involved in this intrafamily dispute argued in opposition that she deliberately defaulted in order to aid the plaintiff's case and to gain an economic advantage over the defendant Sam Koslowski in a pending divorce action. Under the circumstances, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's application. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.