■ County of Nassau, Appellant, v John P. Gallagher, Respondent. [828 NYS2d 445]—

In a civil forfeiture action pursuant to the Administrative Code of the County of Nassau § 8-7.0 (g) (4) (L 1939, chs 272, 701-709, as amended), the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered October 31, 2005, as, upon reargument, adhered to its prior determination in an order dated June 20, 2005 granting the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In opposition to the defendant's motion to dismiss the complaint for lack of personal jurisdiction, the plaintiff submitted a document labeled "Amended Affidavit of Service," which was sworn to and filed more than three months after the alleged mailing of the summons and complaint to the defendant. In granting the defendant's motion, the Supreme Court noted that the plaintiff failed to file the proof of service with the office of the clerk of the court within 20 days after the mailing of the summons and complaint, as required under CPLR 308 (2). Subsequently, in connection with its motion for leave to reargue the defendant's motion, the plaintiff submitted a copy of a prior, timely filed affidavit of service, and explained that the amended affidavit of service was filed to correct the original affidavit's recitals of the dates of the delivery and the mailing of the sum-

mons and complaint, which were obviously incorrect. In opposing the defendant's motion to dismiss the complaint, however, the plaintiff had not requested that the original affidavit of service be amended, and had not even submitted that document to the court (*see* CPLR 3211 [e]). Moreover, the plaintiff never sought an order permitting a late filing of proof of service (*see Bank of New York v Schwab,* 97 AD2d 450 [1983]; *Marazita v Nelbach,* 91 AD2d 604 [1982]).

Under these circumstances, although the Supreme Court was authorized, in its discretion, to allow an amendment of the original affidavit of service (*see* CPLR 305 [c]), and to permit a late filing of proof of service (*see* CPLR 2004; *Koslowski v Koslowski,* 251 AD2d 294, 295 [1998]), the court did not improvidently exercise its discretion in declining to take either of these actions sua sponte. Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting the defendant's motion to dismiss the complaint. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.