OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
Defendant Annamarie Fortier moved for an order vacating a default judgment claiming lack of jurisdiction based on improper *395 service of the summons and complaint. This court (Berliner, J.), by decision and order dated December 20, 2010, scheduled a traverse hearing, which was held on January 24, 2011. Based on the evidence adduced at the hearing, this court makes the following findings of fact and conclusions of law:
On July 13, 2009, George Rich, the process server, went to 22 Stubbe Drive in Stony Point, New York with the intent to serve a summons and complaint on the defendants, Annamarie For-tier (Mrs. Fortier) and Leon Fortier, Sr. (Mr. Fortier), believing that they both lived at that address. The summons indicates that both Mrs. Fortier and Mr. Fortier are to be served. (See plaintiffs exhibit 1.) Although neither of the named defendants were home at that time, a young man between the ages of 20 and 30 years old (the defendants’ son) answered the door and the process server handed him one copy of the summons and one copy of the complaint. (See plaintiffs exhibits 1 and 2, respectively.) The process server gave very little additional information to the son, referring him to the address and phone number of the attorneys listed on the summons. Four days later, on July 17, 2009, the process server mailed one copy of the summons and one copy of the complaint, addressed to Anne Marie Fourtier. The process server thereafter filed an affidavit of service indicating that service upon Annamarie Fortier was made by delivering the summons and complaint to a person of suitable age and discretion pursuant to CPLR 308 (2). (See plaintiffs exhibit 3, affidavit of service.)
Pursuant to CPLR 308 (2), personal service upon a natural person is made:
“by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend ‘personal and confidential’ and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of *396 either such delivery or mailing, whichever is effected later; . . . proof of service shall identify such person of suitable age and discretion and state the date, time and place of service.”
Thus, to effectuate service pursuant to CPLR 308 (2), the process server must complete a three-step process: (1) deliver the summons to a person of suitable age and discretion at the person’s actual place of business, dwelling place or usual place of abode; (2) mail the summons to the person’s last known residence or actual place of business; and (3) file proof of service with the clerk of the court.
Here, although it is undisputed that the process server delivered the summons to a person of suitable age and discretion, i.e., the defendants’ son, subsequently mailed the summons addressed to Mrs. Fortier and filed proof of service with the clerk of the court, service was not properly effectuated on Mrs. Fortier. As the process server testified and as is clear from the face of the summons, the process server, believing that both defendants lived at the Stony Point address, intended to serve both Mr. and Mrs. Fortier on July 13, 2009. Since both defendants were named in the summons, the process server was required to deliver to or leave with the defendants’ son two copies of the summons, one for each defendant. (See Raschel v Rish, 69 NY2d 694 [1986].) As has been held by the Appellate Division, Second Department:
“The failure of the plaintiff to serve two copies of process is more troubling. Both defendants were individually named in the summons and complaint. Accordingly, contrary to the plaintiffs argument, the fact that the defendants are husband and wife and lived in the same house did not relieve the plaintiff of affixing two copies of process to the door of the defendants’ home and mailing two copies to the defendants’ home.” (McCormack v Gomez, 137 AD2d 504, 505 [2d Dept 1988] [emphasis added; citations omitted].)
In other words, “[i]n cases involving multiple defendants living or working at the same location, the principle of ‘reasonable apprisal’ in Raschel v. Rish, 1986, 69 N.Y.2d 694 . . . requires that multiple summonses be delivered to the person of suitable age and discretion — one for each defendant.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:3 [c], at 201 [2010 ed] [emphasis added].)
Moreover, as previously stated, since the summons indicated that both defendants were to be served, it was impossible for *397 the son to accomplish the goal of “redelivering” the summons to the named defendants. Having only received one copy of the summons, the son was unable to redeliver the summons to both defendants, nor was it his duty to decide which defendant to redeliver the summons to. The son merely acts as a conduit for the delivery of the summons to the persons named therein.
As such, this court finds that defendant Annamarie Fortier was not properly served with the summons and complaint and personal jurisdiction has not been acquired over her. Based on the foregoing, it is hereby ordered that defendant Annamarie Fortier’s motion to vacate the default judgment is granted and the complaint is dismissed.