## WealthUnion Ventures LLC v Yan

### 2024 NY Slip Op 34222(U)

### November 26, 2024

### Supreme Court, New York County

### Docket Number: Index No. 656119/2023

### Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

WEALTHUNION VENTURES LLC

                    Plaintiff,

        - v -

HENRY YAN,

                 Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656119/2023 |
| MOTION DATE | 06/06/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (MS001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 33, 36, 37, 38, 39, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for                          DISMISS               .

      Plaintiff WealthUnion Ventures LLC (WealthUnion) brings this action against defendant Henry Yan (Yan) alleging that Yan fraudulently induced WealthUnion to invest nearly $2 million into a purported artificial intelligence (AI) tech start-up company (NYSCEF # 2 – the Complaint or compl). Presently before the court are (1) Yan's motion for an order dismissing the Complaint on the grounds that plaintiff failed to acquire personal jurisdiction pursuant to CPLR 308, and (2) WealthUnion's cross-motion for an order extending its time to complete service of process by an additional thirty days and permitting service of process on Yan by delivery to his counsel of record (*see* NYSCEF #s 7, 36). Both motions are opposed. For the following reasons, the parties' motions are held in abeyance pending the outcome of the traverse hearing.

**Background**

      In or around April 30, 2021, Yan circulated an investment deck to WealthUnion, a venture capital firm, in an attempt to seek WealthUnion's investment in his AI tech start-up company, Metaverse AI (*see* compl ¶¶ 8-11; *see also* NYSCEF # 3). Then, on May 5, 2021, and May 6, 2021, respectively, Yan met with WealthUnion to provide details about Metaverse AI and its AI technology development projects (*see* compl ¶¶ 12-25). Based on Yan's representations about Metaverse AI's prospective products, product development timeline, intended use of investment funds, development team's technical experience and ability, and partnerships and investors, WealthUnion agreed to invest $600,000 in Metaverse AI in the form of digital dollars, USD Coin (USDC) (*see id.* ¶¶ 14-24, 26). To

**656119/2023 WEALTHUNION VENTURES LLC vs. YAN**
Motion No. 001

Page 1 of 8

facilitate this investment, on May 8, 2021, the parties entered into a Simple Agreement for Future Tokens or Equity (SAFTE) pursuant to which Metaverse AI agreed to issue to WealthUnion shares in capital stock or cryptocurrency tokens in exchange for WealthUnion's investment (*id.* ¶ 27). WealthUnion later agreed to invest an additional $1,300,000 USDC in exchange for capital stock or cryptocurrency pursuant to SAFTEs dated October 7, 2021, and October 10, 2021, respectively (*see id.* ¶¶ 28-30). In total, WealthUnion invested $1.9 million in Metaverse AI, with Yan directing WealthUnion to transfer each investment amount into Metaverse AI's cryptocurrency wallet (*see id.* ¶ 31).

WealthUnion alleges that, after making its investment, it discovered that the representations regarding Metaverse AI upon which it had relied were false and misleading, and that Metaverse AI was, in fact, a fraudulent company with no viable AI technology, no capable AI-technology development team, and no existing investors and corporate partnerships (*see* compl ¶¶ 14-24, 32-45, 51-87). In fact, WealthUnion's investigation revealed, Yan was funneling investment funds into his own personal accounts and using those funds for his own personal use rather than to develop AI technology (*see id.* ¶¶ 46-49, 50). To seek redress for Yan's alleged misrepresentations and omissions, WealthUnion commenced this action on December 6, 2023, asserting claims for common law fraud, fraudulent inducement, and unjust enrichment (*see* NYSCEF #s 1-3).

Twenty days later, on December 26, 2023, WealthUnion filed two affidavits of service executed by WealthUnion's process server (*see* NYSCEF #4 at Exs 1 & 2). In his first affidavit, dated December 19, 2023, the process server affirms that on December 18, 2023, at 12:27 PM at the address of 211 East 43rd Street, 7th Floor, Suite 429, New York, NY 10017, he served a copy of the Summons and Complaint on "Stacy S. (Co-Worker)" (the December 18 Service) (*id.* at Ex 1). The process server further indicated that the premises for the December 18 Service was Yan's "actual place of business / employment" (*id.*). Meanwhile, in his second affidavit, dated December 22, 2023, the same process server asserts that on December 21, 2023, at 12:35 PM at 606 West 57th Street, 805, New York, NY 10019, he served a copy of the Summons and Complaint on "Carlos D. (Doorman)" (the December 21 Service) (*id.* at Ex 2). There is no indication in the affidavit whether Meisel was denied entry to Yan's dwelling or place of abode by "Carlos D. (Doorman)" (*see id.*).

On March 4, 2024, Yan moved to dismiss the Complaint on the grounds that both attempts at service of process were defective as a matter of law (NYSCEF # 7). In support of the motion, Yan submits his affidavit, dated February 24, 2024 (*see* NYSCEF # 9 – Yan aff). Addressing the December 18 Service, Yan explains that he never maintained a business or any form of employment at the address of service (*id.* ¶¶ 33, 40, 44). Rather, Yan explains, the service address belongs to Anytime Mailbox, a service from whom Yan rented and maintained a digital mailbox at 211 East 43rd Street (*see id.* ¶¶ 34-36, 38-39, 41-42; NYSCEF #s 19-23, 46-47). Yan separately avers that "Stacy S." is neither his employee nor co-worker (*id.* ¶ 44).

**656119/2023 WEALTHUNION VENTURES LLC vs. YAN**
**Motion No. 001**

Page 2 of 8

Turning to the December 21 Service, Yan does not deny that, during date of the alleged service of process, he was residing at 606 W. 57th Street, New York, NY 10019 (*see* Yan aff ¶¶ 14-17).[1] Yan further confirms that the building had a doorman who was aware of his occupancy (*id.* ¶ 20). That doorman, however, was never authorized to accept service of process on Yan's behalf (*id.* ¶49). And although the doorman (identified as "Carlos D.") purportedly accepted service anyway, he neither caused the documents to be provided to Yan nor apprised Yan of their existence (*see id.* ¶ 50). Instead, Yan only became aware of this lawsuit through his Anytime Mailbox account (*see id.* ¶¶ 40, 51).

## Discussion

Yan moves to dismiss the Complaint under CPLR 3211(a)(8),[2] contending that the two attempts to effectuate substituted service by WealthUnion's process server pursuant to CPLR 308(2 were legally inadequate (*see* NYSCEF # 28 – MOL at 1-2, 6-12; NYSCEF # 50 - Reply). In relevant part, CPLR 308(2) provides that personal service "upon a natural person" may be accomplished

> by delivering the summons within the state to a person of suitable age
> and discretion at the actual place of business, dwelling place or usual
> place of abode of the person to be served and by either mailing the
> summons to the person to be served at his or her last known residence
> or by mailing the summons by first class mail to the person to be
> served at his or her actual place of business in an envelope bearing the
> legend "personal and confidential" and not indicating on the outside
> thereof, by return address or otherwise, that the communication is
> from an attorney or concerns an action against the person to be served
> . . .

(CPLR 308[2]).

These requirements must be strictly followed (*see FV-1, Inc. v Reid*, 138 AD3d 922, 923 [2d Dept 2016] ["Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308"]). Hence, when assessing whether CPLR 308's requirements have been satisfied, "it is irrelevant that defendant may have actually received the documents" (*Raschel v Rish*, 69 NY2d 694, 697 [1986]; *accord HSBC Bank USA, N.A., v*

---

[1] Yan affirms that, on December 26, 2023, he vacated the 606 W. 57th Street address and flew "from New York to Asia" (Yan aff ¶¶ 27). He represents that he currently resides "exclusively in Asia" without any further clarification (*see id.* ¶¶ 10-11).

[2] Under CPLR 3211(a)(8), a party may move for dismissal of an action on the ground that the court lacks personal jurisdiction over the defendant. One such ground to attack personal jurisdiction is improper service of process, "which implicates due process requirements of notice and opportunity to be heard" (*Aybar v Aybar*, 37 NY3d 274, 287 [2021]; *see also Fed. Natl. Mtge. Assn. v Alvarado*, 167 AD3d 987, 988 [2d Dept 2018] ["The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process"]).

656119/2023 WEALTHUNION VENTURES LLC vs. YAN
Motion No. 001

Page 3 of 8

*Assouline*, 177 AD3d 603, 605 [2d Dept 2019] [same]; *Clarke v Smith*, 98 AD3d 756, 756 [3d Dept 2012] [same]). Indeed, "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (*Macchia v Russo*, 67 NY2d 592, 595 [1986]).

Ordinarily, "a proper affidavit of a process server attesting to personal delivery upon a defendant constitutes prima facie evidence of proper service" (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459, 460 [1st Dept 2004]). Such a prima facie showing, however, can be rebutted through a "sworn, nonconclusory denial of service or [by] swear[ing] to specific facts to rebut the statements in the process server's affidavit" (*see JP Morgan Chase Bank v Dennis*, 166 AD3d 530, 531 [1st Dept 2018]). At that point, the plaintiff has the burden of presenting sufficient evidence, through affidavits and relevant documents, that demonstrates jurisdiction through proper service of process (*see Pearson v 1296 Pac. St. Assoc., Inc.*, 67 AD3d 659, 660 [2d Dept 2009] ["The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process"]; *see also Coast to Coast Energy, Inc. v Gasarch*, 149 AD3d 485, 486 [1st Dept 2017] ["the plaintiff has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction"]).

The court first addresses the propriety of the December 18 Service, which Yan maintains fails because alternative service was not effectuated at his actual place of business. The CPLR defines "actual place of business" as "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business" (*see* CPLR 308[6]). Put differently, an address will qualify as an actual place of business when it is a location where "the person is physically present with regularity" and "regularly transact[s] business" (*see 1136 Realty, LLC v 213 Union St. Realty Corp.*, 130 AD3d 590, 591 [2d Dept 2015]; *Sage Realty Corp. v Wallack Firm, P.C.*, 75 Misc 3d 186, 189 [Sup Ct, NY County, 2022] ["An address qualifies as a person's actual place of business for purposes of CPLR 308 (2) only if the person is 'physically present with regularity' at the address and is 'shown to regularly transact business at that location'"]; *see also Xiao Hong Wang v Chi Kei Li*, 169 AD3d 593, 593 [1st Dept 2019] [concluding that plaintiff established proper service at actual place of business because defendant "was regularly transacting business at the property"]).

Here, Yan maintains that service was not properly effectuated upon him because he never operated a business or held any form of employment at 211 East 43rd Street (MOL at 6-8; Reply at 4-6; Yan aff ¶¶ 33, 40, 44). Rather, Yan explains, he merely rented a digital mailbox service offered by Anytime Mailbox at this address (MOL at 7; Reply at 5; Yan aff ¶¶ 33, 40, 44). And to support of these representations, Yan provides various documents, including a copy of (a) his payment receipt from Anytime Mailbox, (b) the terms and conditions of Anytime Mailbox's services, (c) his United States Postal Service (USPS) Application for

656119/2023 WEALTHUNION VENTURES LLC vs. YAN
Motion No. 001

Page 4 of 8

Delivery of Mail Through Agent (the USPS application) designating Anytime Mailbox's 211 East 43rd Street address as his "Private Mailbox," and (d) an email confirming acceptance of Yan's application to use a digital mailbox located at 211 East 43rd Street (*see* NYSCEF #s 19-22, 46-47).[3] Considering his representations and his documentary submissions together, Yan has submitted sufficient specific, non-conclusory facts rebutting WealthUnion's prima facie showing of proper service and has, in turn, established at least a question of fact about whether the 211 East 43rd Street address is Yan's "actual place of business" (*see Sage Realty Corp.*, 75 Misc 3d at 189 [concluding, in resolving a motion for default judgment, that it was not sufficient that defendant "used the service address for purposes of receiving mail and listed it publicly as a mailing address"]). With the presumption of proper service rebutted, a traverse hearing on the issue is warranted with regard to the December 18 Service (*see Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 523 [1st Dept 2016] [defendant was entitled to traverse hearing after rebutting plaintiff's affidavit of service).

WealthUnion attempts to counter Yan's rebuttal by averring that service of process was, in fact, effectuated at Yan's actual place of business because Yan (1) admits that he received a copy of the Summons and Complaint that was served at the 211 East 43rd Street address; (2) identified the 211 East 43rd Street address as his "Commercial Mail Receiving Agency (CMRA) Place of Business" on his USPS application; and (3) failed to provide supporting affidavits such as an affidavit from Anytime Mailbox or "Stacy S" (NYSCEF # 37 – Opp at 11-12). None of these contentions alter the court's determination that a traverse hearing is warranted.

*First*, as explained above, it is of no consequence that defendant actually received the documents through the Anytime Mailbox service if WealthUnion did not strictly adhere to CPLR 308's service of process requirements (*see Assouline*, 177 AD3d at 605). *Second*, with regard to the CMRA designation on Yan's USPS application, a review of this document appears to only establish that the company hosting the purported digital mailbox, i.e., Anytime Mailbox, maintains its place of business at the 211 43rd Street address. It does not, as WealthUnion purports, indicate that this is *Yan's* "actual place of business." *Finally*, while Yan did not submit supporting affidavits from "Stacy S" or a representative of Anytime Mailbox, the documents that were submitted in connection with Yan's motion, as well as Yan's own sworn affidavit, are enough, at this juncture, to rebut the prima facie showing of proper service.

The court next turns to the December 21 Service. Yan avers that this attempted service of process was improper because, although the purported service

---

[3] WealthUnion accuses Yan of "intentionally omit[ting] information which would identify this address as his business location" by cutting off the lower half of his USPS application and his "Receipt for Anytime Mailbox" email (Opp at 12). Yan, however, has submitted apparently complete copies of these documents on reply, and none of the added portions indicate that substantive information had been withheld (*see* NYSCEF #s 46-47).

**656119/2023 WEALTHUNION VENTURES LLC vs. YAN**
**Motion No. 001**

**Page 5 of 8**

5 of 8

was made at Yan's then-place of residence upon a doorman identified as "Carlos D," there is no indication in the affidavit of service that the process server was denied access to the subject building before leaving the documents with the purported doorman (MOL at 8-12; Reply at 7-10). Yan continues that the impropriety of this attempted service is further compounded by the fact that the doorman never provided Yan with copies of the Summons and Complaint nor otherwise apprised Yan of the action (*see* Yan aff ¶¶ 49-51). As explained below, the lack of explanation in the affidavit of service regarding the process server's attempt to gain access to Yan's actual dwelling or place of abode is a critical omission that cannot simply be cured by filing a new affidavit by the process server.

When effectuating alternative service pursuant to CPLR 308(2), service must be made upon a person of suitable age and discretion at defendant's actual dwelling place or usual place of abode. This type of alternative service, when accomplished through a doorman, will not be deemed proper unless that doorman denied the process server entry into the building to access defendant's apartment (*see F. I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 796-798 [1977]; *Bank of Am., N.A. v Grufferman*, 117 AD3d 508, 508 [1st Dept 2014] [holding that service upon the doorman of defendants' apartment building was proper under CPLR 308(2), given that the process server was denied access to defendants' apartment]; *see also McCormack v Goldstein*, 204 AD2d 121, 122 [1st Dept 1994] [concluding that service of papers "in the lobby of the apartment house to [a] doorman was delivery to defendant's" actual dwelling place where process server "was not barred from proceeding to defendant's apartment"]). Denial of entry is a critical fact in this analysis because it is under such circumstances that the "outer bounds" of the defendant's actual dwelling or place of abode will be "deemed to extend to the location at which the process server's progress [was] arrested" (*see duPont*, 41 NY2d at 797-798).

Here, there is no meaningful dispute that WealthUnion's original affidavit of service filed on December 26, 2023, does not state whether or not the process server was denied entry or access to Yan's dwelling on the date of attempted service (*see* NYSCEF # 4 at Ex 2). This omission is normally fatal to the issue of establishing proper service of process and thus personal jurisdiction (*see Menkes v Beth Abraham Health Servs.*, 120 AD3d 408, 414 [1st Dept 2014] ["plaintiff did not submit evidence that the process server was denied entry into Zuckerman's building before leaving the subpoena with her doorman, as is required to show proper leave and mail service under CPLR 308(2)"]; *Soils Engg. Servs., Inc. v Donald*, 258 AD2d 425, 426 [1st Dept 1999] ["Plaintiff failed to establish jurisdiction over defendant pursuant to CPLR 308(2) in that it failed to establish that the process server was denied access to the building thereby necessitating service of process on a doorman or superintendent"]). WealthUnion nevertheless maintains that its process server *was* denied entry (*see* Opp at 9-10). And in making this assertion, it relies entirely on its process server's newly sworn affidavit of service, dated March 7, 2024, regarding the December 21 Service (the March 2024 Affidavit), which apparently

**656119/2023 WEALTHUNION VENTURES LLC vs. YAN**
**Motion No. 001**

Page 6 of 8

attempts to correct the omission of a fact left out of the original affidavit of service (*see* NYSCEF # 39).

Critically, the omission of any showing of an attempt by a process server to gain entrance to an actual dwelling or place of abode is not a mere irregularity that the court may simply disregard upon the filing of a purportedly corrected affidavit of service (*cf. Navarro v Singh*, 110 AD3d 497, 498 [1st Dept 2013] [holding that that deficiencies in an affidavit of service such as incorrectly identifying the individual served and failing to indicate follow-up mailing occurred were "mere irregularities" that did not divest the court of jurisdiction]). Rather, as noted above, this is a jurisdictional defect that cannot be overlooked (*see Air Conditioning Training Corp. v Pirrote*, 270 AD 391, 393 [1st Dept 1946] [holding that "the omission from the affidavit of service of facts showing an attempt to gain admittance for the purpose of finding a person of proper age who would accept service of process, is a jurisdictional defect which cannot be cured"]; *see also Empl. Ins. Co. of Wausau as Subrogee of Pac. Chicago LLC v Chang*, 2024 WL 1354335, at *1 [Sup Ct, NY County, Mar. 26, 2024] [denying motion for default judgment based on failure to establish service of process where "nothing in the affidavits of service or the record on this motion that indicates that the process server was denied entry to defendants' building"]).

Despite the jurisdictional defect of its process server's affidavit of service for the December 21 Service, WealthUnion neither sought leave to amend or supplement the original affidavit, nor submitted an affidavit from its process server explaining his change to his original affidavit of service reflected in the March 2024 Affidavit. For this reason, the court is foreclosed from blindly accepting the March 2024 Affidavit as a basis to Yan's motion to dismiss (*see Morini v Thurman*, 2022 WL 3682246, at *2 [Sup Ct, NY County, Aug. 25, 2022], *affd* 220 AD3d 421 [1st Dept 2023] [holding that affidavit of service that did not "identify the doorman allegedly served" and did not "indicate that an additional copy of the summons with notice was mailed thereafter" rendered service incomplete]; *see generally County of Nassau v Gallagher*, 35 AD3d 786, 787 [2d Dept 2006] [concluding that trial court did not abuse discretion in declining to sua sponte allow amendment of original affidavit where "plaintiff had not requested that the original affidavit of service be amended"]; *Parras v Ricciardi*, 185 Misc 2d 209, 212 [Sup Ct, Kings County, 2000] ["The court cannot accept an amended affidavit of service without an affidavit from the process server explaining the change and the reason for it"]).

To be sure, the court, in its discretion, may accept an amended affidavit of service if a substantial right of a party is not prejudiced (*see* CPLR 305[c]). On these facts, however, it would be prejudicial to accept the March 2024 Affidavit at this stage given the jurisdictional nature of previously omitted information. At minimum, Yan must have an opportunity to challenge the process server's representation that he was denied entry to Yan's actual dwelling or place of abode

656119/2023 WEALTHUNION VENTURES LLC vs. YAN
Motion No. 001

Page 7 of 8

prior to serving the building's doorman. As a result, before resolving Yan's motion, a traverse hearing regarding the December 21 Service is warranted.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED that this matter shall be set down for a traverse hearing on the issue of the validity of service upon defendant; and it is further

ORDERED that this matter shall be referred to a Special Referee/Judicial Hearing Officer who shall conduct the traverse hearing and hear and determine on the issue of the validity of service upon defendant; and it is further

ORDERED that defendant's motion to dismiss and plaintiff's cross-motion to extend the time to complete service of process and for leave to serve defendant by delivery to his attorney are hereby held in abeyance pending the outcome of the traverse hearing; and it is further

ORDERED that that counsel for plaintiff shall serve a copy of this decision, along with notice of entry, on defendant within ten days of this filing.

This constitutes the Decision and Order of the court.

| 11/26/2024 | | MARGARET A. CHAN, J.S.C. |
|------------|---|---------------------------|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|--------------------------|---|
| | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☒ REFERENCE |

**656119/2023 WEALTHUNION VENTURES LLC vs. YAN**
**Motion No. 001**

Page 8 of 8