| |
|---|
| **Charles v Charles** |
| 2025 NY Slip Op 30982(U) |
| March 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152532/2024 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                                PART                  22

*Justice*

-------------------------------------------------------------------------X

TYSHIKA N. CHARLES,

                              Plaintiff,

                    - v -

AISHA A. CHARLES, JAHMENA M. GREEN, PV HOLDING
CORP.

                            Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152532/2024 |
| MOTION DATE | 07/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for _____DISMISS_____.

Upon the foregoing documents, it is ordered that the motion by defendant Jahmena M. Green (Green) pursuant to CPLR 3211 for an Order dismissing the Complaint against her for lack of personal jurisdiction for failure to complete service upon Green within 120 days of the filing of the summons and complaint and plaintiff's cross-motion pursuant to CPLR 306-b for an Order "to effect service" are decided as set forth below.

Plaintiff seeks recovery for personal injury sustained as a result of an April 23, 2021 motor vehicle accident involving a vehicle operated by defendant Aisha A. Charles in which plaintiff was a passenger and a vehicle operated by Green and owned by PV Holding Corp.

Green contends that the Complaint must be dismissed against her for lack of personal jurisdiction because plaintiff failed to properly effectuate service upon her pursuant to VTL 253, in that plaintiff failed to file the required affidavit of compliance required under VTL 253. Plaintiff opposes the motion and cross-moves for an Order allowing plaintiff an extension of the time to comply with the filing requirements in the interest of justice and pursuant to CPLR 306-b.

Plaintiff commenced this action by summons and complaint filed on March 19, 2024.

[* 1]

According to the complaint, plaintiff and defendant Charles are New York residents, Green is a Pennsylvania resident and PV Holding Corp. is a foreign corporation doing business in New York. On March 26, 2024, plaintiff filed an affidavit of service, dated March 25, 2024 in which the process server averred that Green was served with the summons and verified complaint on March 22, 2024, pursuant to Vehicle and Traffic Law 253 by delivering and leaving a true copy or copies of the aforementioned documents with said NANCY DOUGHERTY, authorized agent in the office of the Department of State, of the State of New York, personally at the office of the Department of State, of the State of New York, one true copy thereof and that at the time of making such service, deponent paid the Department of State a fee of $10.00. The process server also averred that he completed service by depositing a true copy of each with notice of service, properly sealed affixed with first class postage and addressed to the defendant in an official depository under the exclusive care and custody of the U.S. Postal service. The envelope was marked personal and confidential, and the mailing was made certified mail receipt number: 7022 1670 0003 1645 5649 with a return receipt requested. Mailed To: 1133 S. 60th ST, PHILADELPHIA, PA 19143.

On March 19, 2024 plaintiff commenced this action by filing the summons and complaint.

On March 26, 2024 plaintiff filed an affidavit of service dated March 25, 2024 in which the process server avers that defendant Green was served through the Secretary of State pursuant to VTL 253.

On July 1, 2024 Green filed an Amended Answer which included affirmative defenses alleging Plaintiff failed to commence this action in accordance with the directives of Article 3 of the CPLR (Ninth Affirmative Defense) and alleging lack of personal jurisdiction based upon plaintiff's failure to effect service of the summons and complaint upon defendant Green (Fifteenth Affirmative Defense).

CPLR 3211 (a) (8) provides that a party may move for judgment dismissing one or more causes of action asserted against him on the ground that the court does not have jurisdiction over the person of the Defendant. When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff (*Lowy v Chalkable, LLC*, 186

152532/2024  CHARLES, TYSHIKA N. vs. CHARLES, AISHA A. ET AL
Motion No. 001

Page 2 of 5

AD3d 590 [2d Dept 2020]). However, in opposing a motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60 [1st Dept 2024]).

CPLR 306-b provides, in pertinent part, that service of the summons and complaint shall be made within one hundred twenty days after commencement of the action and that if service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to the defendant, or upon good cause shown or in the interest of justice, extend the time for service (CPLR 306-b).

The "court lacks personal jurisdiction over a defendant who is not properly served with process" (*Palma v Apatow*, 230 AD3d 1244, 1245 [2d Dept 2024] [citation omitted]). "When the requirements for service of process have not been met, it is irrelevant that [a] defendant may have actually received the documents" (*Raschel v Rish*, 69 NY2d 694, 697 [1986]). Additionally, "the fact that a defendant has received prompt notice of the action is of no moment" (*Macchia v Russo*, 67 NY2d 592, 595 [1986]). This is because "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (*id.*). Thus, it is immaterial that defendants here may have received the pleadings and/or had notice of the action. Plaintiff, in opposing defendants' motion, "has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate that jurisdiction over the defendants is warranted" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 73-74 [1st Dept 2024]).

The affidavit of service states that service was made pursuant to VTL 253. VTL 253 sets forth the service of process requirements for a New York resident's action against a nonresident, arising from an "accident or collision in [New York] which such non-resident may be involved" (VTL 253 [1]). It applies to this action as plaintiff alleges that she, a New York resident, and defendant Green, a non-resident, were involved in a motor vehicle accident in New York.

VTL 253 gives a plaintiff the option to use either registered or certified mail to send the requisite documents to a defendant (VTL 253 [2]). The statute enumerates three items of available proof that can be filed with an affidavit of compliance (id.). The first item is "a return receipt purporting to be signed by defendant or a person qualified to receive his certified mail or registered mail" (id.). The second item is "the original envelope bearing a notation by the postal authorities that receipt was refused" (id.). The third item is "the original envelope bearing a notation by the postal authorities" that the envelope was returned "unclaimed" (id.). Where a plaintiff receives the original envelope bearing either postal service notation, plaintiff must promptly mail the documents by regular mail (id.). For all three items, plaintiff must file a copy of the same with the clerk of the court, together with an affidavit of compliance (id.). Also, if the original envelope bears an "unclaimed" notation, plaintiff must provide the court with proof of the second mailing by regular mail, i.e. a mailing certificate (id.). Plaintiff has 30 days to file the requisite papers after receiving the signed return receipt or the marked original envelope (id.). Under VTL 253, service of process is complete as soon as plaintiff files the requisite papers with the clerk of the court (id.). Plaintiff did not meet the standard as to defendant Green because she did not file the requisite certificate and did not provide any copies of original mailing envelopes bearing a postal notation nor any signed return receipts, as required by statute. As such dismissal of the complaint against defendant Green is warranted. The procedures set forth in VTL 253 are designed to satisfy the due process requirements of actual notice, and plaintiff here did not demonstrate that such requirements were satisfied.

Given the circumstances of this case, the court declines to exercise its discretion pursuant to CPLR 306-b to extend plaintiff's time to properly serve defendant Green and plaintiff's cross-motion is denied. Accordingly, it is

ORDERED that the motion of defendant Jahmena N. Green to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendant, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

152532/2024   CHARLES, TYSHIKA N. vs. CHARLES, AISHA A. ET AL
Motion No. 001

Page 4 of 5

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that within 30 days of entry counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| 3/25/2025 | *James G. Clynes* (signature) |
| DATE | JAMES G. CLYNES |

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152532/2024   CHARLES, TYSHIKA N. vs. CHARLES, AISHA A. ET AL**
Motion No. 001

Page 5 of 5

5 of 5