Sellersfunding Intl. Portfolio Ltd. v Major & Minor Detailz Inc. (2025 NY Slip Op 51338(U))

[*1]

Sellersfunding Intl. Portfolio Ltd. v Major & Minor Detailz Inc.

2025 NY Slip Op 51338(U)

Decided on July 21, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2025
Supreme Court, Kings County

Sellersfunding International Portfolio Ltd., Plaintiff,

against
Major and Minor Detailz Inc. D/B/A Ecomsolutionz, 
 Nikia Kyles and William Kyles II, Defendants.

Index No. 530016/2024

Attorney for Plaintiff
Jeffrey S Zachter, Esq.
Zachter PLLC
2 University Plaza, Suite 205
Hackensack, NJ 07601
646-779-3294
[email protected]
Attorney for Defendants
Unrepresented.

Francois A. Rivera, J.

SUPERSEDING [FN1] DECISION & ORDER
Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion jointly filed on March 18, 2025, under motion sequence number two, by Nikia Kyles and William Kyles (hereinafter the individual defendants or movants), moving pro se, for an order: (1) dismissing the complaint of Sellersfunding International Portfolio Ltd (hereinafter the plaintiff) for lack of personal jurisdiction due to improper service pursuant to CPLR 3211 (a) (8), (2) dismissing the action based on the contract's governing law clause and arbitration requirement pursuant to CPLR 3211 (a) (1), or in the alternative, (3) transferring the action to arbitration or to the proper jurisdiction, as defined by the contract, and (4) vacating any default proceedings that may have been initiated due to improper service, and (5) ordering that any [*2]further attempts at service comply with New York law. The motion is opposed.
-Notice of motion
-Affidavit of service
Exhibits A-F
-Memorandum of law in opposition
-Affidavit in opposition
Exhibits A-D
-Memorandum of law in reply
Exhibits A & G
BACKGROUND
On November 6, 2024, the plaintiff commenced the instant action by filing a summons and complaint (hereinafter the commencement papers) with the Kings County Clerk's office (KCCO).
On December 24, 2024, the movants interposed and filed a joint answer.[FN2]
As relevant to the instant action, the movants' fourth affirmative defense claimed lack of jurisdiction due to improper service.
The complaint alleges twenty-five allegations of fact in support of three denominated causes of action. The first cause of action is for breach of contract. The second cause of action is for breach of a guaranty agreement. The third cause of action is for unjust enrichment.
The complaint alleges the following salient facts. On January 30, 2024, the plaintiff and the defendants entered into an agreement (hereinafter the agreement) whereby the plaintiff agreed to purchase all rights to the company defendant's future receivables having an agreed-upon value of $55,000.
Pursuant to the agreement, the company defendant agreed to have one bank account approved by the plaintiff (the bank account) from which the company defendant authorized the plaintiff to make daily ACH withdrawals until $55,000 was fully paid to the plaintiff.
In addition, the individual defendants agreed to guarantee all amounts owed to the plaintiff by the company defendant in the event of a breach of performance by the company defendant.
The plaintiff remitted the purchase price for the future receivables to the company defendant as agreed. Initially, the company defendant met its obligations under the agreement. The company defendant stopped making its payments to plaintiff and otherwise breached the agreement by intentionally impeding and preventing plaintiff from making the agreed upon ACH withdrawals from the bank account while conducting regular business operations.
The company defendant made payments totaling $18,333.30, leaving a balance of $36,666.70. In addition, the company defendant incurred additional fees and charges in the amount of $908.36 and a collections fee in the amount of $9,393.77. Despite due demand, the company defendant has failed to pay the amounts due and owing to the plaintiff under the agreement. Additionally, the individual defendants are guarantors and are responsible for all [*3]amounts incurred due to any default by the company defendant. There remains a balance due and owing to plaintiff on the agreement in the amount of $46,968.83, plus interest, costs, disbursements, and attorney's fee.
LAW AND APPLICATION
On November 7, 2024, the plaintiff filed with the KCCO an affidavit of service of the commencement papers, sworn to by its process server, Caroline Quispe (hereinafter Quispe). Quispe alleged that she served a copy of the commencement papers upon all defendants, Major and Minor Detailz Inc. D/B/A Ecomsolutionz, Nikia Kyles, and William Kyles II by mailing them certified mail return receipt requested to a specific address in Champaign, Illinois. Quispe used one affidavit to demonstrate service on all three defendants.
As clarified by plaintiff's counsel at oral argument of the motion, Quispe mailed only one set of the commencement papers to the address in Champaign, Illinois, and did not mail a complete set to each defendant. Plaintiff's counsel also clarified that the plaintiff did not file a return receipt of the commencement papers with the KCCO, but had the return receipt in his possession, and it reflected that the mailing was unclaimed.
"A complaint may be subject to dismissal pursuant to CPLR 3211(a)(8) in cases where a defendant was improperly served and, resultantly, where the court lacks personal jurisdiction over such defendant" (Stanley Agency, Inc. v Behind the Bench, Inc., 23 Misc 3d 1107[A], 2009 NY Slip Op 50626[U], *4 [Sup Ct, Kings County 2009]).
"[T]he Court of Appeals' ruling in Raschel v. Rish, (69 NY2d 694 [1986]) is instructive on the issue of serving multiple defendants as the result of a single delivery. In Raschel, the Court of Appeals held that, since the CPLR is silent as to the number of copies of a summons and complaint that must be served on a person conceivably acting in more than one representative capacity, the guiding principle must be one of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (id., citing Raschel v Rish, 69 NY2d 694, 696-697 [1986], quoting Mullane v Central Hanover Trust Co., 339 US 306 [1950] [internal quotation marks omitted]).
Undisputably, Quispe mailed only one set of commencement papers to the same address to serve process upon the three defendants named in the summons and complaint. Consequently, the service was defective as against all three defendants (Discover Bank v Fortier, 31 Misc 3d 394, 396 [Sup Ct, Rockland County 2011]; see Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A] (Sup Ct, Kings County 2023).
As the movants correctly contended, the Court lacked personal jurisdiction over them. Their motion seeking dismissal of the action pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction is granted. The Court does not reach the other items of alternative relief requested by the movants.
CONCLUSION
The motion by defendants Nikia Kyles and William Kyles for an order pursuant to CPLR 3211 (a) (8) dismissing the complaint of plaintiff Sellersfunding International Portfolio Ltd for lack of personal jurisdiction is granted.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:The instant decision and order replaces the short form order signed and entered on May 28, 2025 under NYSCEF document 50.

Footnote 2:The answer interposed by the movants stated that it was on their behalf and on behalf of Major and Minor Detailz Inc. D/B/A Ecomsolutionz (hereinafter the corporate defendant). Pursuant to CPLR 321, the individual defendants may represent themselves but may not represent the corporate defendants. Accordingly, only the individual defendants have answered the complaint.